**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KAYLEIGH HAYES,

                       *Plaintiff*,

        v.

355 RESTAURANT GROUP, LLC, *et al.*,

                       *Defendants*.

24 CV 3468 (RMB)

**DECISION & ORDER**

Plaintiff's "Motion for Leave to File a Third Amended Complaint" was submitted to the Court on July 1, 2025. Dkt. No. 87. In response, the "355 Defendants" (which include the 355 Restaurant Group, LLC, Matthew Arnold, and Pir Granoff) submitted a "Letter Response in Opposition to the Plaintiff's Motion for Leave to File a Third Amended Complaint" on July 11, 2025. Dkt. No. 88.

The Court has thoroughly reviewed all of the parties' submissions and, for the reasons stated below, the Plaintiff's Motion is **GRANTED**.

## I.    BACKGROUND

From July 2020 until February 2023, Plaintiff Kayleigh Hayes was employed as a bartender, beverage director, and general manager of a Manhattan restaurant named "Short Stories." Dkt. No. 58 ¶¶ 1–2. Throughout her employment at Short Stories, Plaintiff alleges that she suffered from "misogynistic and offensive behavior," "sustained sexual harassment," and "multiple sexual assaults." *Id.* ¶¶ 2–4. Plaintiff asserts that she complained to the 355 Defendants, among others, about this conduct but that "[n]o legitimate investigation was ever undertaken." *Id.* ¶¶ 71–73. In late January 2023, Plaintiff lodged additional complaints about

1

"discriminatory treatment and sex harassment of her, and the hostile work environment that it created." *Id.* ¶ 188.

On February 6, 2023, after renewing her claims of harassment, Defendant Martin Borkan allegedly informed Plaintiff "that Defendants had decided to end her employment . . . because she 'can't get along with the boys.'" *Id.* ¶¶ 194, 201.  Plaintiff had been made aware of an email exchange ("Borkan Email") among Defendant Borkan and other Defendants who agreed with terminating the Plaintiff's employment.  *Id.* ¶¶ 202–204.  It is alleged that the Borkan Email participants also discussed "issues with the ownership team" and a plan to "replace Plaintiff with Dan Gonzalez." *Id.*

On May 6, 2024, Plaintiff filed her first complaint alleging that Defendants "subjected Plaintiff to egregious and sustained sexual harassment, enabled and excused multiple sexual assaults of Plaintiff, robbed Plaintiff of wages and overtime, defrauded and broke legally binding promises to Plaintiff, unlawfully fired Plaintiff[,] . . . [and] threatened Plaintiff with a baseless criminal complaint filed with the New York County District Attorney's Office in retaliation for pursuing her claims herein." Dkt. No. 1 ¶ 3.  Plaintiff contends that the criminal complaint alleged that Plaintiff "engaged in 'embezzlement' by paying herself more than she was entitled to without 'disclosure or approval' from [the 355 Defendants]."  Dkt. No. 58 ¶ 225.

**SETTLEMENT.**

On May 1, 2025, MSB Hospitality LLC and Martin Borkan withdrew from this case as defendants, after reaching a settlement agreement with the Plaintiff.  Dkt. No. 85.  Other parties, including Ashwin Deshmukh, Something Good Supper Club, LLC, Something Short, LLC, Sando Supplies, LLC, Raphael Khutorsky, Ilan Khutorsky, and Jeckson Leonardo remain as defendants in the case, along with the 355 Defendants.  *See* Dkt. No. 61. **The Court expects that**

**all of the parties will participate in good faith settlement forthwith.** The Court will hold a conference of all parties on March 5, 2026 at 9:00a.m. at 500 Pearl Street (Courtroom 17B).

In her Third Amended Complaint, Plaintiff alleges that, as noted, the 355 Defendants initiated an unsupported criminal complaint against Plaintiff with the New York County District Attorney. Dkt. No. 87, Ex. 1 ¶¶ 216-218. Among other things, Plaintiff alleges that she "was awakened at 6am one morning [in January 2025] when investigators from the New York County District Attorney's Office . . . came to her residence, banged on the door, and informed Plaintiff that she was under investigation in relation to her time at Short Stories." *Id.* ¶ 216. Plaintiff also alleges that she was damaged in that the criminal complaint (and ensuing investigation) "caused [her] significant and lasting embarrassment, humiliation, and emotional distress." *Id.* ¶ 222. Plaintiff also points out that the criminal complaint filed against her has been closed and the DA's Office "confirm[ed] that no criminal case is being pursued." *Id.* ¶ 221.

## II.    LEGAL STANDARD

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) ("Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party."). "Generally, amendments are favored because they tend to facilitate a proper decision on the merits." *In re Term Commodities Cotton Futures Litig.*, 2018 WL 1737706, at *6 (S.D.N.Y. Feb. 28, 2018) (internal quotation marks and citations omitted).

"The party opposing a motion to amend bears the burden of establishing that an amendment would be futile." *Sjunde AP-Fonden v. Gen. Elec. Co.*, 341 F.R.D. 542, 550 (S.D.N.Y. 2022). "An amendment to a pleading is futile if the proposed claim could not

3

withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

### III.    DISCUSSION

The 355 Defendants oppose the Third Amended Complaint, arguing that it is "futile because it is derivative of Plaintiff's existing allegations in Count VIII of the Second Amended Complaint." Dkt. No. 88 at 2. Count VIII of the Second Amended Complaint states in relevant part that: "Counsel for [355 Defendants] sent Plaintiff's counsel a letter . . . including a baseless and bad-faith threat to report Plaintiff to the law enforcement authorities for 'embezzlement.'" Dkt. No. 58. ¶ 289. The 355 Defendants argue that they "have already moved to dismiss Count VIII, and the new allegations would be equally subject to dismissal for the same reasons already briefed." Dkt. No. 88 at 2. The 355 Defendants also contend that Plaintiff's "post-termination retaliation claim" is "not actionable unless the threatened [criminal complaint for embezzlement] is 'baseless,' meaning that it is based on an 'inarguable legal conclusion' or 'fanciful factual allegation.'" *Id.*

**The Court finds that the Third Amended Complaint may be filed and litigated**. Dkt. No. 87, Ex. 1. It is not futile because, among other things, it alleges new facts that could support Plaintiff's claim of post-termination retaliation. *See Hi Bar Cap. LLC v. Getter*, 2025 WL 2989120, at *8 (E.D.N.Y. Oct. 12, 2025) ("Where the court determines that a party could 'allege additional facts that would support' its claims, leave to amend a complaint should be freely granted.") (quoting *Gortat v. Capala Bros.*, 585 F. Supp. 2d 372, 377 (E.D.N.Y. 2008), *aff'd,* 568 F. App'x 78 (2d Cir. 2014)).

The proposed Third Amended Complaint asserts that "Plaintiff learned [in January 2025] that she was named in a . . . criminal complaint of theft," the thrust of which is "frivolous and

4

retaliatory."  Dkt. No. 87, Ex. 1 ¶¶ 209, 218.  It is enough, as Plaintiff contends, that "the DA's Office advised that [355 Defendants'] baseless criminal complaint against Plaintiff has appropriately been closed, confirming that no criminal case is being pursued."  *Id.* ¶ 221.  These contentions, if proven, could support Plaintiff's claim that the criminal allegations were "frivolous" and were intended to injure the Plaintiff.  *See Getter*, 2025 WL 2989120, at *8 (where "additional facts . . . could alter the Court's calculus"); *see also Sanossian v. Valley Stream Cent. High Sch. Dist.*, 2020 WL 6385602, at *8–9 (E.D.N.Y. Oct. 29, 2020).

### IV.    CONCLUSION

Accordingly, the Plaintiff's Motion [Dkt. No. 87] is **GRANTED**.  Plaintiff is directed to file the proposed Third Amended Complaint by 4:00p.m. on Monday, February 23, 2026.  Defendants are directed to file an answer by Monday, March 9, 2026.  Fed. R. Civ. P. 15(a)(3).

As the Plaintiff's Motion [Dkt. No. 87] is hereby granted, the "Motion to Dismiss the Second Amended Complaint" [Dkt. No. 62] **and** the "Letter Motion for Oral Argument on the Pending Motion to Dismiss" [Dkt. No. 78] are hereby **DENIED** without prejudice.

Date: February 19, 2026
New York, New York

RMB
_____
**RICHARD M. BERMAN, U.S.D.J.**