**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ X

KAYLEIGH HAYES,

        Plaintiff,

    -against-

355 RESTAURANT GROUP, LLC, *et al*.,

        Defendants.

------------------------------------------------------------------------ X

Case No.: 24-CV-3468

_____

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS, 355 RESTAURANT GROUP, LLC, MATT ARNOLD, AND PIR GRANOFF'S MOTION TO PARTIALLY DISMISS THIRD AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I.      Count I (Title VII, NYCHRL, NYSHRL) – Plaintiff's Claims Based on Alleged Events in September 2020 and July 2022 are Time-Barred. ........................................................... 1

II.     Count III (NYCHRL/NYSHRL) – Plaintiff's Claims Relating to the September 2020 Incident Are Time-Barred. ....................................................................................... 3

III.    Counts I and III (Title VII, NYCHRL, NYSHRL) – Plaintiff Does Not Allege Facts Showing 355 Exercised a High Degree of Control Over SGH and Its Principals. ............. 5

IV.     Counts II and III (Title VII, NYCHRL, NYSHRL) – Plaintiff's Allegations Do Not Plausibly Show that the 355 Defendants Had Involvement in Plaintiff's Termination or Knowledge It Was Retaliatory. ........................................................................... 6

V.      Count VIII (FLSA, NYLL) – Plaintiff's Retaliation Claims Must Fail. .......................... 8

VI.     Counts IX, X, and XI – Plaintiff's Fraud, Promissory Estoppel, and Fraudulent Conveyance Claims are Insufficiently Pleaded. .................................................... 9

VII.    The Court Should Not Grant Leave to Amend Because Plaintiff Has Now Had Four Opportunities to Plead Viable Claims and Failed to Do So Each Time. ......................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arazi v. Cohen Bros. Realty Corp.*,
No. 1:20-cv-8837-GHW, 2022 WL 912940 (S.D.N.Y. Mar. 28, 2022)....................................3

*Ball v. Marriott International, Inc.*,
627 F. Supp. 3d 296 (S.D.N.Y. 2022).....................................................................................2

*Barry v. Royal Air Maroc*,
No. 21-CV-8481, 2022 WL 3215050 (S.D.N.Y. Jul. 8, 2022) ..................................................4

*Bueno v. Eurostars Hotel Co.*,
No. 21-cv-535 (JGK), 2022 U.S. Dist. LEXIS 4605 (S.D.N.Y. Jan. 7, 2022) .........................7

*Chepilko v. Cigna Life Ins. Co. of New York*,
952 F. Supp. 2d 629 (S.D.N.Y. 2013).....................................................................................5

*Clark v. Kitt*,
No. 12-CV-8061, 2014 WL 4054284 (S.D.N.Y. Aug. 15, 2014)............................................10

*Corradino v. Liquidnet Holdings, Inc.*,
19 Civ. 10434 (LGS), 2021 WL 2853362 ...............................................................................3

*Cox v. Onondaga Cty. Sheriff's Dept.*,
760 F.3d 139 (2d Cir. 2014)....................................................................................................9

*Hamlen v. Gateway Energy Servs. Corp.*,
No. 16 CV 3526 (VB), 2018 U.S. Dist. LEXIS 53287 (S.D.N.Y. Mar. 8, 2018).....................8

*James v. Van Blarcum*,
782 F. App'x 83 (2d Cir. 2019) ...............................................................................................3

*Johnson v. JPMorgan Chase Bank, N.A.*,
488 F. Supp. 3d 144 (S.D.N.Y. 2020)......................................................................................7

*Khurana v. Wahed Invest, LLC*,
No. 18-CV-233 (LAK) (BCM), 2020 WL 364794 (S.D.N.Y. Jan. 8, 2020).............................9

*Kim v. Lee*,
No. 22-61, 2023 WL 2317248 (2d Cir. 2023) .........................................................................9

*Lampros v. Banco do Brasil, S.A.*,
No. 10-Civ-9576, 2012 WL 6021091 (S.D.N.Y. Dec. 2, 2012)...............................................2

*Leroy v. Delta Air Lines*,
   No. 21-267-cv, 2022 WL 12144507 (2d Cir. 2022) .................................................................5

*Nasir v. Khokon*,
   No. 23 CV 2128, 2024 U.S. Dist. LEXIS 153096 (E.D.N.Y. Aug. 23, 2024) .........................4

*Matter of Roach v. Cornell Univ.*,
   207 A.D. 3d 931 (3d Dep't 2022) ..........................................................................................4

*Roches-Bowman v. City of Mt. Vernon*,
   No. 21-CV-5572, 2022 WL 3648394 (S.D.N.Y. Aug. 24, 2022)..............................................1

*Velez v. Lasko Products, LLC*,
   706 F. Supp. 3d 444 (S.D.N.Y. 2023)......................................................................................8

*WCA Holdings III, LLC v. Panasonic Avionics Corp.*,
   704 F. Supp. 3d 473 (S.D.N.Y. 2023)....................................................................................10

*Williams v. New York City Dep't of Education*,
   No. 1:19-cv-01353 (MKV), 2021 WL 1178118.......................................................................1

*Woodman v. WWOR-TV, Inc.*,
   411 F.3d 69 (2d Cir. 2005)......................................................................................................8

**Statutes**

NY C.P.L.R. § 213-c....................................................................................................................4, 5

**Other Authorities**

Fed. R. Civ. P. 9(b) ......................................................................................................................10

Fed. R. Civ. P. 12(b)(6)..................................................................................................................8

**I.      Count I (Title VII, NYCHRL, NYSHRL) – Plaintiff's Claims Based on Alleged Events in September 2020 and July 2022 are Time-Barred.**

As outlined in the Motion to Dismiss, Plaintiff's claims based on conduct occurring prior to January 15, 2023 are time-barred. Plaintiff's Opposition does not plausibly allege a continuing violation sufficient to cure the TAC's shortcomings. Instead, Plaintiff attempts to stitch together allegations regarding isolated incidents occurring years apart that involved different types of conduct, actors, and circumstances. Such allegations are not sufficient under Second Circuit law.

The TAC does not allege Plaintiff was subject to a constant stream of conduct beginning before the exhaustion period but continuing unabated afterwards. Rather, the alleged events took place on specific occasions in 2020 and 2022, respectively, and involved alleged assaults by kitchen personnel, that are themselves "discrete acts" that are not susceptible to treatment as a continuing violation. *Roches-Bowman v. City of Mt. Vernon*, No. 21-CV-5572, 2022 WL 3648394, at *4 (S.D.N.Y. Aug. 24, 2022) ("a sexual assault is a discrete act, and discrete acts occur on the day they occur – even if they have effects lasting into the limitations period"); *see also Williams v. New York City Dep't of Education*, No. 1:19-cv-01353 (MKV), 2021 WL 1178118, at *5 ("individual sexual overtures . . . are discrete acts not amenable to the continuing violation analysis").  Nor is there a connection in the 355 Defendants' reaction to the alleged events—in one case (2020), the female head chef was immediately instructed to investigate and found Plaintiff's allegations incredible, TAC ¶ 70, though Plaintiff speculatively says the investigation was "not legitimate," *id.* ¶¶ 71-72, while in the other instance (2022), Plaintiff admits the alleged assailant quit his employment before Plaintiff ever reported the incident.  *Id.* ¶¶ 145-146.

Recognizing that these two discrete acts are in no way "continuing," Plaintiff tries to shoehorn in otherwise irrelevant (and untimely) allegations about conduct by Defendant Deshmukh occurring in October through December 2021—also remote in time and distinct in

nature from the two alleged assaults. TAC ¶ 120. However, this conduct, allegedly misappropriating funds (*id.* ¶ 116), violating COVID restrictions (*id.* ¶ 117), business disruption (*id.* ¶ 118), drinking on the job and fights with patrons (*id.* ¶ 119), and insurance irregularities (*id.* ¶ 122), is irrelevant to a claim of sex discrimination or harassment. *See Lampros v. Banco do Brasil, S.A.*, No. 10-Civ-9576, 2012 WL 6021091, at *8 (S.D.N.Y. Dec. 2, 2012). The only sex-related allegation is that Desmukh hired four (4) female employees, which is also dissimilar conduct to the timely 2023 allegations. *Id.* ¶ 121.  Not only is it nonsensical to say that hiring female employees is sex discrimination against a female, but these hirings are not alleged to have any effect on Plaintiff's employment or to have created an unreasonably hostile work environment.

Plaintiff summarily dismisses the 355 Defendants' citation to *Ball v. Marriott International, Inc.*, 627 F. Supp. 3d 296, 317 (S.D.N.Y. 2022), and *Lampros v. Banco do Brasil, S.A.*, No. 10-Civ-9576, 2012 WL 6021091 (S.D.N.Y Dec. 4, 2012), as "misplaced," but Plaintiff's unpersuasive attempt to distinguish those cases is misguided. Plaintiff misrepresents the reason for which the 355 Defendants cited *Lampros*—the 355 Defendants never claimed that *Lampros* "foreclose[d] a continuing violation theory" on facts similar to those alleged by Plaintiff; rather, the 355 Defendants cited that case for the proposition that Desmukh's conduct, as alleged in TAC ¶¶ 115-122, is wholly irrelevant to Plaintiff's sex discrimination and harassment claims, and therefore cannot form the basis for a continuing violation. ECF No. 115 at 15.  These cases show that business disagreements as alleged with Desmukh cannot bolster a discrimination claim. Further, Plaintiff's Opposition merely states that *Ball* "recognized that similarity in type and severity of conduct, overlap in personnel, and temporal relationship may render events sufficiently related," ECF No. 135 at 19, but Plaintiff makes no attempt to show that the allegations of the TAC support a finding that the alleged 2023 and pre-2023 conduct meet this standard.

2

Plaintiff's reliance on cases such as *Corradino* and *James* is misplaced. Those cases involved pervasive, repeated conduct by multiple actors within a cohesive and ongoing environment. *See Corradino v. Liquidnet Holdings, Inc.*, 19 Civ. 10434 (LGS), 2021 WL 2853362, at \*1 (plaintiff was subject to harassment of a similar type on a consistent basis that was "different in kind from discrete acts" and constituted an "ongoing practice"); *James v. Van Blarcum*, 782 F. App'x 83 (2d Cir. 2019) (plaintiffs were subject to "pervasive" stream of "the same or similar derogatory terms or jokes" deemed "sufficiently related"). Here, by contrast, Plaintiff alleges only scattered, discrete incidents that vary significantly in severity and are alleged to be perpetrated by unconnected individuals of differing levels of seniority, including individuals who were employed by or who were owners of different defendants.

## II.    Count III (NYCHRL/NYSHRL) – Plaintiff's Claims Relating to the September 2020 Incident Are Time-Barred.

Plaintiff's Opposition sets forth four separate grounds for why her NYCHRL and NYSHRL claims relating to the September 2020 incident are not time-barred. Each of these grounds is insufficient to overcome the applicable statute of limitations. First, Plaintiff mischaracterizes the Court's decision in *Arazi v. Cohen Bros. Realty Corp.*, No. 1:20-cv-8837-GHW, 2022 WL 912940, at \*14 (S.D.N.Y. Mar. 28, 2022). While the court did recognize that "[t]he continuing violation doctrine is given a broader construction under the NYCHRL," the Court explicitly distinguished claims under the NYSHRL, stating that the doctrine is "given a broader construction under the NYCHRL ***than under Title VII or the NYSHRL***." *Id.* (emphasis added). Further, even under a "broader construction," the doctrine still requires plausible allegations of related, ongoing conduct. *Id.* ("Under the NYCHRL, [o]therwise time-barred discrete acts can be considered timely where specific and ***related*** instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory

policy or practice" and the alleged events must be "part of a single, continuing course of conduct") (internal quotations omitted) (emphasis added). As set forth above and in the Motion to Dismiss, Plaintiff fails to meet that standard.

Second, Plaintiff's addition of 228 days to the statute of limitations is an improper application of New York's pandemic tolling orders to claims arising *during* (as opposed to before) the tolling period. For such claims, the limitations period does not start running until November 3, 2020, when the toll ended. *Matter of Roach v. Cornell Univ.*, 207 A.D. 3d 931, 933 (3d Dep't 2022); *see also Barry v. Royal Air Maroc*, No. 21-CV-8481, 2022 WL 3215050, at *4 (S.D.N.Y. Jul. 8, 2022) ("This toll merely stopped the running of any applicable period of limitations . . . between March 3, 2020 and November 2020, but did not extend everyone's statute of limitations period for an additional 228 days.") (internal quotation omitted). Plaintiff's citation to *Nasir v. Khokon*, No. 23 CV 2128, 2024 U.S. Dist. LEXIS 153096 (E.D.N.Y. Aug. 23, 2024) proves the point, because there, the plaintiff's claim arose *prior* to the tolling period, so the claim did receive the benefit of the entire 228-day period. With the COVID-19 tolling properly construed, the three (3) year limitations period Plaintiff's state claims for the 2020 incident began on November 3, 2020 and ended November 3, 2023—prior to her filing of her EEOC Charge on November 9, 2023.

Third, NY CPLR § 213-c does not apply to the present case. That section authorizes a victim of various forms of sexual assault to bring a claim against "any party whose intentional or negligent acts or omissions are alleged to have resulted in the commission of the said conduct, within twenty years," with the conduct in question being the commission of one of several enumerated rape or other sexual offenses. Plaintiff does not allege that Hernandez's alleged 2020 conduct constituted any of the enumerated sexual offenses under NY CPLR § 213-c, and as

4

described in the TAC, the alleged incident did not constitute any of the extremely severe offenses listed in the statute. *See* NY CPLR § 213-c.

Plaintiff's conclusory allegation that "equitable tolling supports timeliness because the claim accrued during the extraordinary pandemic tolling period" is also without merit. Plaintiff cannot "double dip" and claim equitable tolling for the pandemic on top of the tolling period expressly provided pursuant to New York's pandemic orders.  Plaintiff has an adequate remedy at law through New York's express pandemic-related tolling, which bars any equitable tolling.  Nor can Plaintiff demonstrate that she diligently pursued judicial remedies and filed a timely but defective pleading, that she was prevented from becoming aware of her cause of action by misleading conduct on behalf of the defendants, or that she was prevented from timely filing by a medical condition or impairment, as traditionally required for equitable tolling to apply. *Chepilko v. Cigna Life Ins. Co. of New York*, 952 F. Supp. 2d 629, 632 (S.D.N.Y. 2013) (noting that "[e]quitable tolling is only appropriate in rare and exceptional circumstance[s], in which a party is prevented in some extraordinary way from exercising [her] rights") (internal quotations omitted).

### III.  Counts I and III (Title VII, NYCHRL, NYSHRL) – Plaintiff Does Not Allege Facts Showing 355 Exercised a High Degree of Control Over SGH and Its Principals.

Plaintiff's Opposition is contradictory in that, on the one hand, it claims that "the relationship between 355 Restaurant and SGH was employer or employer-like" and, on the other hand, that the relationship was that of "joint employer[s]." ECF No. 135 at 21. Further, Plaintiff's Opposition obscures the relevant inquiry. The relevant inquiry is not whether *SGH* supervised *Plaintiff*, but whether the *355 Defendants* exercised a sufficiently high degree of control over *SGH* to give rise to liability.  *Leroy v. Delta Air Lines*, No. 21-267-cv, 2022 WL 12144507, at *3 (2d Cir. 2022) (employer is responsible for the conduct of non-employees only "where (1) the employer exercises a high degree of control over the behavior of the non-employee, and (2) the

5

employer's own negligence permits or facilitates that non-employee's discrimination") (emphasis added). As set forth in the Motion to Dismiss, the 355 Defendants did not have sufficient control over SGH such that conduct of SGH is imputable to the 355 Defendants. The TAC does not plausibly allege such control, and Plaintiff's Opposition notably fails to address that requirement. Instead, Plaintiff's allegations that the 355 Defendants exercised control over SGH are pure speculation, as Plaintiff identifies no mechanism that the 355 Defendants could have used to control SGH, especially after January 15, 2023 when the sale was concluded in a binding, written agreement.

**IV.    Counts II and III (Title VII, NYCHRL, NYSHRL) – Plaintiff's Allegations Do Not Plausibly Show that the 355 Defendants Had Involvement in Plaintiff's Termination or Knowledge It Was Retaliatory.**

Plaintiff fails to allege facts plausibly showing that the 355 Defendants had any involvement or retaliatory role in her February 6, 2023 termination. At that point, 355 had sold the Short Stories restaurant and surrendered control of the restaurant's operations to the purchasers. In fact, because Plaintiff's termination occurred after the close of the Asset Purchase Agreement, it would be common sense that the purchaser would make the important, future-oriented decision about the continued employment of the restaurant's General Manager, not the seller (355) that had divested its interest in the restaurant. Further, in her TAC and Charge, Plaintiff described specific actions taken by the purchasers (*i.e.*, SGH and Borkan) in effectuating the termination—and no action by the 355 Defendants.  TAC ¶ 191, ECF No. 63-5 at ¶¶ 128, 130.  The only alleged role of the 355 Defendants was receipt of an *after-the-fact* email from Borkan reporting that *he* had terminated Plaintiff's employment, without soliciting input or asking permission from the 355 Defendants.  TAC ¶ 192. In her Opposition, Plaintiff repeatedly mischaracterizes this email exchange, stating that, after receiving the email, "Granoff then confirmed agreement on behalf of himself and Arnold." ECF No. 135 at 25. However, that is not at all what the cited email says:

Granoff does not purport to speak for Arnold, nor does he state that he agrees with the email or that it reflects any prior agreement. Instead, Granoff merely states "Thank you Martin." ECF No. 115-3. Plaintiff's argument that the Court may not accept Defendants' characterization of the email at this stage is inapposite; the Court can review the email itself as it is incorporated by reference in the TAC. *Johnson v. JPMorgan Chase Bank, N.A.*, 488 F. Supp. 3d 144, 161 n.29 (S.D.N.Y. 2020) ("In deciding a motion to dismiss, the Court can consider documents incorporated by reference in the complaint.").

Plaintiff's citation to *Bueno v. Eurostars Hotel Co.*, No. 21-cv-535 (JGK), 2022 U.S. Dist. LEXIS 4605, at *25 (S.D.N.Y. Jan. 7, 2022), to support her claim that the 355 Defendants participated in the termination decision is also inapposite, as the facts are distinguishable from the present case. In *Bueno*, the Court refused to dismiss the plaintiff's claims against the alleged decisionmaker for the plaintiff's termination, even though he did not personally terminate the plaintiff. *Id.* However, the alleged decisionmaker was the owner and CEO of both of the joint employers, and he was alleged to have "closely surveilled" the business of both companies and "closely controlled all aspects related to employee management, including hiring and firing." *Id.* at *1. These facts are a far cry from the facts of the present case—the 355 Defendants did not have any ownership interest in SGH, nor did they have control over SGH's operations at any point, especially in February 2022 ***after*** the bar had been sold. Instead, the TAC's allegations are analogous to those in *Levy v. NYC Health + Hosps.*, 660 F. Supp. 3d 220, 230-31 (S.D.N.Y. 2023). There, an employee was placed by a staffing agency at a hospital, with the two organizations being alleged joint employers. Because the employee provided only "entirely conclusory" allegations about the staffing agency's involvement in her termination, which was effectuated by the hospital, the claims against the staffing agency were dismissed. *Id.*

It is also notable that at the time of Borkan's after-the-fact report that he had personally terminated Plaintiff's employment, there is no allegation the 355 Defendants knew Plaintiff had allegedly engaged in protected activity directed to Borkan.  The last communication Plaintiff alleges with any of the 355 Defendants was prior to her alleged report to Borkan on February 3, 2023.  TAC ¶¶ 180, 186.  Plaintiff's only answer to this lack of knowledge is "general corporate knowledge," ECF No. 135 at 26, but Plaintiff stretches this concept beyond recognition by seeking to charge the 355 Defendants with *a different entity*'s knowledge. Indeed, the Second Circuit has held that one joint employer's knowledge is not automatically imputed to another joint employer without actual disclosure.  *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 89 (2d Cir. 2005).

## V.    Count VIII (FLSA, NYLL) – Plaintiff's Retaliation Claims Must Fail.

Plaintiff's claim that the Court's decision to grant Plaintiff's request for leave to file the TAC precludes dismissal of her retaliation claims is without merit. Contrary to Plaintiff's assertion, a court's decision to grant leave to amend the pleadings is not a guarantee that such pleadings will be sufficient to withstand a motion to dismiss, especially where the amended pleading fails to address deficiencies identified in a prior motion to dismiss. *See, e.g., Velez v. Lasko Products, LLC*, 706 F. Supp. 3d 444, 464 (S.D.N.Y. 2023).

Plaintiff cites to *Hamlen v. Gateway Energy Servs. Corp.*, No. 16 CV 3526 (VB), 2018 U.S. Dist. LEXIS 53287, at *6 (S.D.N.Y. Mar. 28, 2018), to support her claim that the "determination that the amended pleadings survive a Rule 12(b)(6) motion . . . [is] the law of the case." However, *Hamlen* is distinguishable from the present case. In *Hamlen*, the court analyzed the proposed amended pleading and issued a twenty-five page opinion on the motion to amend, to which the defendant did not object. In contrast, here, the 355 Defendants have objected to the TAC, including by opposing the motion for leave to amend and by filing this Motion to Dismiss. Further, the Court merely held that the TAC "alleges new facts that *could* support Plaintiff's claim

8

of post-termination retaliation," effectively punting the question of whether the allegations *actually* support Plaintiff's claims as pleaded to the motion to dismiss stage. ECF No. 110 at 4.

Further, Plaintiff fails to adequately plead that the criminal complaint lodged by Arnold and Granoff was baseless, such that the *Noerr-Pennington* doctrine would not apply. The Motion to Dismiss outlines (without contest from Plaintiff's Opposition) how the face of the TAC and incorporated documents show that the potential claims described in the May 3, 2024 letter and ultimately, the criminal complaint, had factual and legal support and were not frivolous, as required for them to be actionable under Second Circuit precedent. *Kim v. Lee*, No. 22-61, 2023 WL 2317248, at *3 (2d Cir. 2023).  Plaintiff cites *Cox v. Onondaga Cty. Sheriff's Dept.*, 760 F.3d 139 (2d Cir. 2014), to claim that criminal complaints need not be frivolous in order to be actionable retaliation. *Cox* holds no such thing.  *Cox* is also distinguishable because in that case the employer threatened to report the employee for filing a false EEOC complaint—the protected activity was itself the object of the threat.  Here, the potential criminal referral identified in the May 3, 2024 letter was not based on Plaintiff's filing of a wage claim, but on her prior conduct of paying herself more than her authorized salary.

**VI.    Counts IX, X, and XI – Plaintiff's Fraud, Promissory Estoppel, and Fraudulent Conveyance Claims are Insufficiently Pleaded.**

Plaintiff's Opposition does not save her fraud, promissory estoppel, and fraudulent conveyance claims from dismissal. First, Plaintiff fails to allege any "facts concerning the defendant[s'] intent at the time of promising," as well as either a legal duty separate from the contract, misrepresentations extraneous to the contract, or damages not recoverable as contract damages, as required to support her fraud claim. *Khurana v. Wahed Invest, LLC*, No. 18-CV-233 (LAK) (BCM), 2020 WL 364794, at *11 (S.D.N.Y. Jan. 8, 2020). Neither Plaintiff's Opposition, nor the TAC has well-pleaded facts about the 355 Defendants' alleged lack of intent to perform at

the time of contracting, nor the separate requirement of extra-contractual duties, statements, or damages—much less with the particularity required to allege a fraud claim under Rule 9(b). Plaintiff also fails to address, and concedes, the Motion to Dismiss's arguments that the fraud claim is based on non-actionable statements regarding future intentions.  Second, Plaintiff's "alternative" promissory estoppel claim cannot survive because Plaintiff does not plead an alternative contract claim. Rather, Plaintiff alleges all of the elements of an enforceable contract under New York's objective law of contract formation, which precludes recovery under promissory estoppel. *See WCA Holdings III, LLC v. Panasonic Avionics Corp.*, 704 F. Supp. 3d 473, 500 (S.D.N.Y. 2023) (collecting cases).  Third, with respect to her fraudulent conveyance claim, Plaintiff fails to address that such allegations may not be made only on "information and belief" under Second Circuit law. Plaintiff also fails to address that her fraudulent conveyance claim is subject to Rule 9(b)'s particularity requirement or *how* her allegations meet that standard, instead only summarizing the allegations in the TAC.  *See* ECF No. 135 at 30.

### VII.    The Court Should <u>Not</u> Grant Leave to Amend Because Plaintiff Has Now Had Four Opportunities to Plead Viable Claims and Failed to Do So Each Time.

At the end of her Opposition, Plaintiff again requests leave to amend her pleading, without identifying any amendment that she would make.  Leave to amend should be denied because Plaintiff is now on her ***fourth*** pleading and filed both her SAC and TAC after the 355 Defendants raised almost all of the Motion to Dismiss's arguments in their motion to dismiss the FAC ***and again in their motion to dismiss the SAC***.  "Plaintiff's failure to fix the deficiencies in [her] previous pleading, after being provided full notice of the deficiencies, is alone sufficient ground to deny leave to amend."  *Clark v. Kitt*, No. 12-CV-8061, 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).  At this point, Plaintiff has had three strikes and should not be afforded additional opportunities.

10

Dated:    May 12, 2026

**POLSINELLI PC**

By:  */s/ D. Jack Blum*
D. Jack Blum
1401 I Street, NW, Suite 800
Washington, D.C. 20005
(202) 772-8483
jack.blum@polsinelli.com

*Attorneys for Defendants 355 Restaurant
Group, LLC, Matt Arnold, and Pir
Granoff*

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, a copy of the foregoing was served to all counsel of record via CM/ECF.

*/s/ D. Jack Blum*_____
D. Jack Blum

12