**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KAYLEIGH HAYES,

*Plaintiff*,

v.

355 RESTAURANT GROUP, LLC, *et al.*,

*Defendants*.

24 CV 3468 (RMB)

**DECISION & ORDER**

Plaintiff Kayleigh Hayes has moved for sanctions in this federal civil action against Defendants Matthew Arnold and Pir Granoff. *See* Plaintiff's Motion for Sanctions, Dkt. No. 98 (dated Nov. 11, 2025). Plaintiff complains that in the midst of this federal litigation, Defendants initiated a "frivolous and . . . bad faith" criminal complaint with the New York County District Attorney's Office.[1] *Id.* at 6. In her sanctions motion, Plaintiff contends that the "criminal allegations [were] a pressure tactic to harass and browbeat Plaintiff after settlement discussions [in this action] hit an impasse." *Id.* Plaintiff asserts that Defendants were "leveraging [state] criminal proceedings or threats to gain advantage in [this] civil litigation." *Id.* at 5. Defendants vigorously oppose the sanctions motion, contending that there was a good faith belief that Hayes used her position as General Manager of a restaurant called "Short Stories" to "overpay[] herself amounts beyond her agreed salary." Defendants' Opposition, Dkt. No. 101 at 1 (dated Dec. 10, 2025).

Having considered the submissions of both sides, and for the reasons stated below, the Plaintiff's motion for sanctions is respectfully denied. "While [Defendants'] conduct certainly raises questions," there is not "clear evidence" that the criminal complaint was entirely meritless

[1] Defendants allegedly initiated a separate, state-level criminal investigation against Hayes for "theft in the form of unauthorized overpayment of wages to herself in the course of her employment." *Id.* at 1.

and that Defendants "acted in bad faith." *Binh Thanh Imp. Exp. Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*, 2026 WL 1983485, at *11 n.6 (S.D.N.Y. July 9, 2026).

## I. BACKGROUND

Plaintiff was employed as a bartender, beverage director, and general manager of the Manhattan restaurant "Short Stories," from July 2020 until February 2023. *See* Third Amended Complaint, Dkt. No. 111 ¶¶ 1–2 (dated Feb. 23, 2026). Defendants Matthew Arnold and Pir Granoff co-owned Short Stories as "equity shareholders in 355 Restaurant, the entity that operated Short Stories." *Id.* ¶ 35. Plaintiff contends, in this federal action against Arnold and Granoff among other defendants, that she was harmed and subjected to "egregious and sustained sexual harassment." *Id.* ¶ 3. Hayes alleges also that she was "robbed of wages and overtime [and] unlawfully fired [] from Short Stories due to discrimination and in retaliation for protected activity." *Id.*

In May 2024, following the commencement of this federal case, Defendants filed a complaint with the New York County District Attorney alleging that "Plaintiff had been paying herself more than her salary of $90,000 annually or about $1,700 per week by paying herself on an hourly basis and entering more than 40 hours per week." Decl. of M. Arnold, Dkt. No. 101-1 ¶ 5 (dated Dec. 10, 2025). Defendants allege that they "believed that this overpayment was a theft or embezzlement from Short Stories." Dkt. No. 101-1 ¶ 6.

In response, Plaintiff "met with the [District Attorney]'s Office to present evidence disproving Defendants' allegations" of alleged wrongdoing on April 18, 2025. Pl.'s Mot. at 5. And, on June 23, 2025, the District Attorney's Office "informed Plaintiff's counsel that the **[District Attorney's] investigation was closed and no charges would be pursued" against Hayes.** *Id.* (emphasis added).

## II. LEGAL STANDARD

Sanctions, such as those discussed here, require "'clear evidence' that the claims in question are 'entirely meritless' and that the party acted 'in bad faith.'" *Diedhiou v. Republic of Senegal*, 2024 WL 3540406, at *3 (S.D.N.Y. July 10, 2024), *report and recommendation adopted*, 2024 WL 3540402 (S.D.N.Y. July 25, 2024).

"A claim [has merit only] when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Hong v. Mommy's Jamaican Mkt. Corp.*, 2024 WL 3824394, at *12 (S.D.N.Y. Aug. 14, 2024) (quoting *Schlaifer Nance & Co. Inc. v. Est. of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999)). "Bad faith requires a court to determine that 'the . . . actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.'" *Rhee-Karn v. Lask*, 797 F. Supp. 3d 343, 370 (S.D.N.Y. 2025) (quoting *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011)). "The bad faith standard is not easily met in this Circuit and requires a showing of clear and convincing evidence." *Ndemenoh v. Boudreau*, No. 20 Civ. 4492, Dkt. No. 197 at 38 (S.D.N.Y Sept. 26, 2025).

## III. DISCUSSION

Plaintiff's motion for sanctions against Defendants Matthew Arnold and Pir Granoff is, as noted above, respectfully denied because there is no 'clear evidence' that Defendants' complaint to the District Attorney was "entirely meritless and that the [Defendants] acted in bad faith." *Diedhiou*, 2024 WL 3540406, at *3.

Plaintiff argues that Defendants' complaint was without merit and it was rejected by the District Attorney's Office. Pl.'s Mot. at 2. Plaintiff presented evidence to the state investigators "disproving Defendants' allegations." *Id.* at 5. Defendants respond that "the fact that

prosecutors do not believe charges can be proven beyond a reasonable doubt . . . does not mean a report of those charges was legally or factually frivolous." Defs.' Opp'n at 10. Defendants also contend that they "reasonably believed that when Plaintiff . . . entered 60 hours or more . . . she was stealing from Short Stories by overcompensating herself." *Id.* at 9. "Plaintiff has repeatedly stated, including under oath, that she was paid a salary" rather than hourly. *See* Dkt. No. 63-6 at 5; Dkt. No. 63-4 at 4; Dkt. No. 63-5 at 11. And Plaintiff on one occasion, according to Defendants, "affirmatively alleges that she was paid for 60 hours . . . , 50% above the agreed salary level." Defs.' Opp'n at 8. Defendants' criminal complaint was not entirely meritless because it had "some factual support." *See United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 479 (S.D.N.Y. 2018); *see also Schlaifer*, 194 F.3d at 337–38.

Plaintiff argues also that the Defendants' alleged bad faith was shown by "[t]he temporal proximity between [an] impasse in settlement talks and the instigation of [the] criminal investigation." Pl.'s Mot. at 4. Plaintiff states that settlement negotiations began in August 2024 and deadlocked on January 6, 2025. *Id.* at 3. "[O]n January 9, 2025, investigators . . . inform[ed] [Plaintiff] she was the subject of a criminal investigation." *Id.* at 4. According to Plaintiff, the timing "demonstrates [Defendants'] nefarious and bad-faith motivations." *Id.*

Defendants respond that "[Defendant] Arnold contacted the District Attorney's Office with his concerns about Plaintiff's overpayments to herself in May 2024," i.e., months before settlement discussions began. Defs.' Opp'n at 11. Although there may be a "coincidence of timing, Plaintiff has not shown, by anything close to clear and convincing evidence, that Defendants acted in bad faith." *See Berger v. New York City Police Dep't*, 2016 WL 11706217, at *5 (S.D.N.Y. Mar. 29, 2016).

## IV. CONCLUSION

Accordingly, the Plaintiff's motion is DENIED. The Clerk of Court is directed to close the motions at Dkt. Nos. 94, 108.

Date: September 11, 2026
New York, New York

RMB

**RICHARD M. BERMAN, U.S.D.J.**