**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KAYLEIGH HAYES,

*Plaintiff*,

v.

355 RESTAURANT GROUP, LLC, *et al.*,

*Defendants*.

24 CV 3468 (RMB)

**DECISION & ORDER**

MSB Hospitality LLC and Martin Borkan ("Proposed Intervenors") move to intervene in this action under Fed. R. Civ. P. 24(b). *See* Motion to Intervene, Dkt. No. 91 (dated Oct. 3, 2025). Proposed Intervenors intend to "assert contractual indemnification claims" against Defendants Something Good Supper Club, LLC, Ilan Khutorsky, and Raphael Khutorsky ("SGH Defendants"). *Id.* at 1. The SGH Defendants oppose the motion. *See* Opposition, Dkt. No. 92 (dated Oct. 17, 2025). Proposed Intervenors replied on October 24, 2025. *See* Dkt. No. 93.

Having thoroughly considered both sides' submissions, and for the reasons stated below, MSB Hospitality LLC and Borkan's motion to intervene is respectfully denied. "Intervention cannot be used as a means to inject collateral issues into an existing action." *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).

## I. BACKGROUND

Plaintiff Kayleigh Hayes was employed as a bartender, beverage director, and general manager of the Manhattan restaurant "Short Stories," from July 2020 to February 2023. *See* Third Amended Complaint, Dkt. No. 111 ¶¶ 1–2 (dated Feb. 23, 2026). Plaintiff contends, among other things, that she was subjected to "egregious and sustained sexual harassment," "robbed of wages and overtime," and "unlawfully fired [] from Short Stories." *Id.* ¶ 3.

Plaintiff's original complaint alleged that Proposed Intervenors, along with the SGH Defendants and 355 Restaurant Group LLC, jointly operated the restaurant. *See* Complaint, Dkt. No. 1 ¶¶ 16, 21, 28–29 (dated May 6, 2024). Proposed Intervenor Borkan served as "managing principal" of MSB Hospitality LLC. *Id.* ¶ 29.

Proposed Intervenors withdrew from the instant case on May 1, 2025, after settling with Plaintiff.[1] *See* Order, Dkt. No. 85 (dated May 1, 2025). They are now seeking to rejoin the case in order to file a third-party complaint against the SGH Defendants. *See* Dkt. No. 91 at 1.

## II. LEGAL STANDARD

A court may permit intervention on "timely motion" by one who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention is wholly discretionary with the trial court." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). The Court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Undue delay or prejudice is the "principal guide in deciding whether to grant permissive intervention." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994).

## III. ANALYSIS

The Court respectfully denies MSB Hospitality LLC and Martin Borkan's motion to intervene because their intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Proposed Intervenors would introduce "an entirely new and unrelated claim into the proceedings." *H. K. Ferguson Co. v. Nickel Processing Corp.*, 33 F.R.D. 268, 275 (S.D.N.Y. 1963). Proposed Intervenors' claims against SGH Defendants raise questions of contract law

[1] SGH Defendants, 355 Restaurant Group LLC, Pir Granoff, Matthew Arnold, Ashwin Deshmukh, and Jeckson Leonardo remain as defendants. *See* Dkt. No. 111 ¶¶ 16–27.

which are entirely distinct from Plaintiff's employment claims in the pending case. Intervention "would greatly complicate the present litigation, would involve the trial of collateral issues unduly delaying resolution of the issues raised by the original parties, and would consequently prejudice their rights." *Levin v. Mississippi River Corp.*, 47 F.R.D. 294, 299 (S.D.N.Y. 1969). *See also Washington Elec. Co-op., Inc.*, 922 F.2d at 98 ("The potential for delay and the complication engendered by the injection of such issues justify denial of the motion.").

Here, "collateral or extrinsic issues are apt to be injected by the intervenor." *Walter E. Heller & Co. v. Cox*, 379 F. Supp. 299, 310 (S.D.N.Y. 1974). *See also Great Atl. & Pac. Tea Co. v. Town of E. Hampton*, 178 F.R.D. 38, 44 (E.D.N.Y. 1998) ("[I]ntervention should not be used as a means to inject collateral issues into an existing action, particularly where it serves to delay and complicate the litigation."). For one thing, Plaintiff and 355 Restaurant Group LLC are not parties to the contract that forms the basis of Proposed Intervenors' claims. *See* Dkt. No. 93 at 5 n.7. And, Ms. Hayes has already settled with the Proposed Intervenors. *See Duttle v. Bandler & Kass*, 147 F.R.D. 69, 75–76 (S.D.N.Y. 1993) (denying intervention where "parties would be forced to expend more time and resources, and to relitigate issues . . . they long since left behind").

**IV. CONCLUSION**

Accordingly, MSB Hospitality LLC and Martin Borkan's motion is DENIED. The Clerk of Court is directed to close the motion at Dkt. No. 91.

Date: September 22, 2026
New York, New York

RMB

**RICHARD M. BERMAN, U.S.D.J.**